**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Alex Fraga

    v.                            Civil No. 22-cv-555-JL-AJ

Warden, FCI Berlin

**Report and Recommendation**

Alex Fraga, who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), and is proceeding pro se, brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging prison disciplinary proceedings that resulted in the loss of 41 days of good conduct time credits. He alleges that the prison did not follow federal Bureau of Prisons ("BOP") regulations in the process of collecting and preserving a urine sample from him, which, he asserts, was an abuse of discretion. The respondent, the FCI Berlin Warden, moves to dismiss. See Doc. No. 5. The motion to dismiss has been referred to the undersigned for a report and recommendation as to disposition. See LR 72.1.

Motion to Dismiss Standard

The court may dismiss a complaint if the plaintiff's allegations, taken as true, do not state a claim for relief. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, the plaintiff must allege facts that, if taken as true and with all reasonable

inferences drawn in the plaintiff's favor, state a plausible claim for relief. Burt v. Bd. of Trs. of Univ. Of R.I., 84 F.4th 42, 50 (1st Cir. 2023). In addition to the complaint, the court may consider matters of public record and documents on which the allegations in the complaint depend in considering a motion to dismiss. Id.

## Background

In April 2022, FCI Berlin officials required Mr. Fraga and other prisoners to provide a urine sample for testing. Pharmatech Laboratories tested the sample and determined that it was positive for marijuana. Prison security staff checked with the health services department at the prison and determined that Mr. Fraga had not been prescribed any medication that would cause his urine sample to test positive for marijuana.

Mr. Fraga was charged with a disciplinary infraction alleging that his positive urine test violated BOP Prohibited Act Code 112 - Use of Drugs/Alcohol. A Disciplinary Hearing Officer ("DHO") conducted a hearing on the charge and found that Mr. Fraga had committed the offense charged. As a penalty, Mr. Fraga lost 41 days of good conduct time credit. Mr. Fraga appealed that decision, and the decision was upheld.

## Discussion

Mr. Fraga alleges that the procedures prison staff used to collect his urine sample violated BOP Program Statement ("PS") 6060.08, which applies to urine analysis for narcotics. He argues that because of those alleged violations the sample should have been discarded. He seeks an order directing the BOP to restore his good conduct time credit.

The Warden moves to dismiss on the ground that violation of a BOP Program Statement is not by itself grounds to support a petition under § 2241. The Warden also contends that Mr. Fraga has not shown any violation of his due process rights. In response, Mr. Fraga argues that his petition should be construed to allege a due process violation based on an incorrect test result, and that his petition should be granted on that basis.

### A. Liberty Interest in Good Conduct Time

Prisoners have a protected liberty interest in their good conduct time which affords prisoners certain due process protection in disciplinary proceedings. See Sup't, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 453 (1985). Specifically, prisoners have due process rights to: written notice of the charges against them at least 24 hours before the disciplinary hearing on those charges, the opportunity to call witnesses and

present documentary evidence (when doing so is not unduly hazardous to prison safety and institutional goals), a hearing before an impartial decisionmaker, and a written statement as to the evidence the DHO relied on and the reasons for the DHO's decision.  See Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974); Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005); Ali v. Warden, Fed. Corr. Inst., Berlin, N.H., Case No. 18-cv-896-JL, 2020 U.S. Dist. LEXIS 48237, at *6-*7, 2020 WL 1322542, at *3 (D.N.H. Mar. 20, 2020).  In addition, a hearing officer's decision that imposes a penalty disallowing good conduct time credit must be supported by "some evidence in the record." Hill, 472 U.S. at 454.  The "some evidence" requirement is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary [officer]." Id. at 455-56.

    B. Violation of PS 6060.08

    Mr. Fraga alleges that several parts of the process used to collect his urine sample violated PS 6060.08.  He made the same or similar arguments at the disciplinary hearing.  The DHO heard his procedural challenges but found, based on the greater weight of the evidence, including the existence of a valid urine sample, that Mr. Fraga violated Prohibited Act Code 112.

4

Among other evidence, the DHO relied on a staff member's written account of the incident and another staff member's memorandum that provided details about the sampling process. Evidence before the DHO also indicated that Mr. Fraga provided his signature after the sample was sealed in front of him. A staff member represented that the sample was secured in an office that is under constant supervision, and that the requirements of PS 6060.08 were met. The record before the Court amply demonstrates that there was "some evidence" before the DHO upon which that officer could rely in determining the validity of Mr. Fraga's positive urine test.

In addition, to the extent Mr. Fraga argues that his disciplinary finding and sanction was unwarranted based on alleged violations of PS 6060.08, he has failed to state a claim warranting relief. "'A habeas claim cannot be sustained based solely on the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law.'" Johnson v. Warden, FCI Berlin, Civil No. 20-cv-920-JD, 2021 U.S. Dist. LEXIS, at *6, 2021 WL 723258, at *3 (D.N.H. Feb. 24, 2021) (quoting Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011)).

5

C.  <u>Due Process and Reliability of Test Results</u>

Mr. Fraga argues, in his opposition to the Warden's motion to dismiss, that his petition should be construed to allege a due process violation based on alleged problems in the processing of the sample which he asserts should call into question the reliability and validity of the DHO's determination that his urine sample was positive for marijuana in violation of Prohibited Act Code 112.  The DHO, however, considered Mr. Fraga's challenges to the process used to collect the sample and the record evidence pertaining to the collection process, and still concluded that the test results supported the finding that Fraga committed the charged offense.  Mr. Fraga offers nothing to support his assertion that the test results were incorrect, or that the record evidence was insufficient to support the DHO's conclusions.  Accordingly, Mr. Fraga has not alleged facts that show a due process violation based on incorrect or unreliable test results.

## **Conclusion**

For the foregoing reasons, the district judge should grant the Warden's motion to dismiss (Doc. No. 5).  Any objections to this Report and Recommendation must be filed within 14 days of

6

receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The 14-day objection period may be extended upon motion.

Only those issues raised in a written objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

January 18, 2024

cc: Alex Fraga, pro se
    Seth Aframe, AUSA.